

**PRICE DANIEL**
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

April 9, 1948

Hon. Sam Lee,
County Attorney,
Brazoria County,
Angleton, Texas

Opinion No. V-537

Re: Authority of Commission-
ers' Court and County Road
Engineer respectively, un-
der the Optional County
Road Law of 1947, V. C. S.
Art. 6716-1

Dear Sir:

We refer to your letter of February 4, 1948, in which you ask the following questions concerning the Optional County Road Law of 1947:

"(1)  What powers do the Commissioners' Court have under Section 3 of said act as the 'policy-determining body' of the County Road Department?

"(2)  Is the County Engineer a public officer under the provisions of the Optional Road Law?

"(3)  Are Commissioners' precinct lines of the county abolished by the Optional Road Law with reference to budgeting, operations, appropriations and the keeping of the records of expenses by the Auditor for the mainten-ance and construction of county roads?  In other words, does the Auditor, in keeping his records, break the same down to Commissioners' precincts and charge each precinct with the money spent in that precinct or does he keep the records showing the expenses for the coun-ty as a whole?

"(4)  Do such powers as the Commission-ers' Court might have as the 'policy-determin-ing body' include the administration of the details of the work of the road department

with the engineer as the employee of the court or is the engineer an independent officer of the county answerable to the court for the execution of policy with reference to construction and maintenance of roads with full power as to detail and execution of policy?

"(5)  Is the County Road Engineer empowered to place or use county road department equipment, materials and labor in any part of the county which in his judgment is necessary in carrying out county road construction and maintenance and the policies of the court in an efficient and economical manner without having his decision for such use of equipment, materials and labor overriden by any member of the Commissioners' Court or by the Commissioners' Court itself?

"(6)  Under Section 9 of the act is the right to hire and fire road department personnel vested in the engineer and is the hiring and firing of individuals subject to the approval of the Commissioners' Court?

"(7)  Can an individual Commissioner give an order for work to be done and performed to an employee of the county road department in the field and can the individual Commissioner or the Commissioners cancel the work order of the engineer in the execution of policy by the engineer.

"(8)  Does an individual member of the Commissioners' Court have the right to hire and fire employees without the approval and consent of the County Engineer?

"(9)  May the Commissioners' Court instruct the engineer as to where he must place his equipment, and keep the same and use the same in the county?

"(10)  Under Section 13 of the law, may funds allocated to a specific road or project by the budget adopted be transferred to another road or project or for another use, or is

such fund frozen to the particular project until the proposed work has been completed on that specific project and then on application of the engineer the unencumbered balance left over from that particular project be transferred to another item on the road budget?

"(11)  Under Section 15, can the auditor legally pay any claim or bill for equipment, materials, supplies, and services purchased by the Commissioners' Court on competitive bid without the certificate of the engineer attached to said bill.

"(12)  May the auditor legally pay any claim or bill for equipment, materials, supplies and services purchased by the Commissioners Court for the use of the county road department which is not bought on competitive bid and which does not have the certificate provided in Section 15 by the County Engineer attached to the same."

Section 24 of Article XVI of the State Constitution reads:

"The Legislature shall make provision for laying out and working public roads, for building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes."

Section 18 of Article V of the State Constitution creates the Commissioners' Court and the pertinent part of that Section reads:

"The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners' Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of this State, or as may be hereafter prescribed."

In the case of Galveston H. & S. A. Ry. Co. v. Uvalde County, 167 S. W. 2d., 305 (writ of error refused), the Court said:

"The Commissioners' Court of a county
has only such powers as are expressly or by
necessary implication given it by the Consti-
tution and statutes of this State."

The same rule applies to county road engineers
under the Optional County Road Law of 1947.

Powers of Commissioners' Courts are provided by
the Legislature in Article 2351, V. C. S., the pertinent
part of which reads:

"Each Commissioners' Court shall: . . .
3.  Lay out and establish, change and discon-
tinue public roads and highways.
4.  Build bridges and keep them in repair.
5.  Appoint road overseers and apportion
hands.
6.  Exercise general control over all roads,
highways, ferries and bridges in their
counties."

Your questions relate to the enlargement and the
modification of certain of the powers of Commissioners'
Courts in the construction and maintenance of county roads
and the powers and duties in that regard, and the status of
a county engineer appointed by the Commissioners' Court in
counties which adopt the Optional County Road Law of 1947
(S. B. 226, Acts 1947, p. 288, V. C. S. Article 6716-1), the
pertinent parts of which read:

"SEC. 3.  The construction and maintenance
of county roads is vested in the county road de-
partment which shall include the Commissioners'
Court as the policy determining body, the county
road engineer as the chief executive officer,
other administrative personnel, and road employ-
ees."  (Emphasis added throughout)

"SEC. 9.  The county road engineer shall
be responsible to the Commissioners' Court for
the efficient and economical construction and
maintenance of the county roads. He shall have
the power to appoint for an indefinite term and
to remove all county road department personnel,
subject to the approval of the Commissioners'
Court. He may authorize certain administrative
personnel to employ and remove subordinates or
employees under their respective direction.

"SEC. 10.  <u>Except for the purpose of inquiry</u> the Commissioners' Court shall deal with the <u>coun-ty road department's administrative personnel and employes through the county road engineer.</u>

"SEC. 11.  The county road engineer shall attend all meetings of the Commissioners' Court when it sits to consider county road matters with the right to participate in the discussions and <u>to make recommendations</u>. He shall see that the <u>policies</u> of the Commissioners' Court relating to county roads are faithfully executed, suvervise the administration of the county road department, and prepare detailed annual budget estimates for the construction and maintenance of the county roads and the operation of the county road depart-ment. The county road engineer shall prepare es-timates and specifications for all equipment, ma-terials, supplies, and labor necessary for the construction and maintenance of the county roads and the operation of the county road department, serve as custodian for all equipment, materials, and supplies belonging to the county road depart-ment, prepare plans and specifications for all county road construction and maintenance, main-tain cost accounting records on county road de-partment expenditures, keep a perpetual inventory of all county road department equipment, material and supplies, and perform such other duties as the Commissioners' Court may require which are consistent with this Act.

"SEC. 13.  All expenditures for the construc-tion and maintenance of the county roads and the operation of the county road department shall be paid out of the Road and Bridge Fund strictly in accordance with annual budgeted appropriations, <u>except that upon application of the county road engineer</u> the Commissioners' Court may transfer any part of any unencumbered appropriation balance for some item within the Road and Bridge Fund budget to some other item.

"SEC. 14.  On projects of county road con-struction and maintenance let to private contrac-tors the county <u>road engineer shall be the repre-sentative of the county</u> in inspecting the progress

of the work. Before any claims by reason
of county road construction or maintenance
done by private contractors shall be ordered
paid by the Commissioners' Court, the county
road engineer shall certify in writing to the
correctness of the claims and shall certify
that the work done conforms to the plans and
specifications called for in the respective
contracts.

"SEC. 15. All equipment, materials, sup-
plies, and services other than those of admin-
istrative personnel and employes for the con-
struction and maintenance of county roads and
for the county road department shall be pur-
chased by the Commissioners' Court on competi-
tive bids in conformity with estimates and
specifications prepared by the county road en-
gineer. Before any claims covering the pur-
chase of such equipment, materials, supplies,
and services shall be ordered paid by the Com-
missioners' Court the county road engineer
shall certify in writing to the correctness of
the claims and shall certify that the respec-
tive equipment, materials, supplies, and ser-
vices covered by the claims conforms to speci-
fications approved by him, and that the same
respective equipment, materials, and supplies
were delivered in good condition, or the ser-
vices satisfactorily performed."

Under the provisions of Section 3, the construc-
tion and maintenance of county roads is vested in the coun-
ty road department, which includes the Commissioners' Court,
as the "policy determining body."

"Policy" is defined by Webster as "A definite
course or method adopted and followed by a government, in-
stitution, body, or individual." "Determine" as there used
means "decide."

This department cannot write a definition which
will cover each factual question which may arise. General-
ly speaking, we are of the opinion that the Commissioners'
Court of Brazoria County, after adoption of the Optional
County Road Law of 1947, has authority to decide and outline

the general principles and the general over-all system governing the construction and maintenance of county roads in that county. The Commissioners' Court has all of the powers and duties given by Article 2351, V. C. S., which are not delegated to the County Road Engineer in the Optional County Road Law of 1947. Your first question is answered accordingly.

The title of the Optional County Road Law reads, in part:

"An Act . . . creating the office of county road engineer; providing for the appointment of a county road engineer and prescribing the qualifications, powers, duties, tenure, salary, oath, and bond of the county road engineer."

The Act then prescribes the qualifications, powers, duties, tenure and salary and requires that such engineer shall enter into bond and take the official oath of office.

A person who is required to enter into bond, take an oath of office, and exercise functions of government in the performance of a public duty, as is required of a county road engineer, is an officer. 34 Tex. Jur. 322-373, Sec. 2.

The term of office is not fixed in the law. It provides that (Section 7): "The County road engineer shall hold his position for an indefinite term and may be removed by a majority vote of the Commissioners Court. The failure of the law to provide a fixed term does not militate against our decision that such engineer is an officer.

In this regard, your attention is directed to Section 30 of Article XVI of the Constitution which reads in part: "The duration of all offices not fixed by this Constitution shall never exceed two years."

We are of the opinion that the County Road Engineer appointed under Optional County Road Law of 1947 is a public officer. Your second question is answered in the affirmative.

Sections 4 and 13 of the law are pertinent to your question No. 3. They read:

"SEC. 4. The construction and maintenance of county roads, the ownership and use of all county road department equipment, materials, and supplies, and the administration of the county road department shall be on the basis of the county as a whole without regard to commissioners' precincts.

"SEC. 13. All expenditures for the construction and maintenance of the county roads and the operation of the county road department shall be paid out of the Road and Bridge Fund strictly in accordance with annual budgeted appropriations except that upon application of the county road engineer the Commissioners' Court may transfer any part of any unencumbered appropriation balance for some item within the Road and Bridge Fund budget to some other item."

We are of the opinion that precinct lines are abolished with reference to budgeting, operations, and appropriations in the construction and maintenance of county roads in counties adopting the Optional County Road Law, so that such shall be on a county basis as a whole without regard to commissioners' precinct lines. In other words, the County Auditor, in keeping his records, does not divide the road and bridge fund among the four commissioners' precincts and show the amount of money expended in each precinct. On the contrary he keeps said records for the county as a whole.

Sections 3, 9, and 10, supra, are pertinent to your related Question No. 4 for the purpose of this opinion. The County Road Engineer is answerable to the Commissioners' Court for the execution of the policies prescribed by the Commissioners' Court in the construction and maintenance of county roads. Your fourth question is answered accordingly.

It is provided in Section 11 that the County Road Engineer "shall serve as custodian of all equipment, materials and supplies belonging to the county road department." It is clear that such custody shall be for uses in the construction and maintenance of county roads in accord with the policy (system) established by the Commissioners' Court. The decision of the County Road Engineer as to the custody of the equipment will not be questioned so long

as it is in accord with the general policy of the County as prescribed by the Court. That body has the power, as the policy making body, to lay down general rules for the preservation and protection of the County's equipment. Your fifth question is answered accordingly.

Section 9 of the law provides that the County Road Engineer "shall have the power to appoint for an indefinite term and to remove all county road department personnel, subject to the approval of the Commissioners' Court. He may authorize certain administrative personnel to employ and remove subordinates or employes under their respective direction."

Under this section the appointment and removal of "all road department personnel" is subject to the approval of the Court. The County Engineer may appoint or remove such personnel, subject to such approval.

Section 10 of the law reads:

"Except for the purposes of inquiry, the Commissioners' Court shall deal with the county road department's administrative personnel and employes through the county Road Engineer."

We are of the opinion that neither the Commissioners' Court nor any of its members are authorized to hire or fire any county road personnel or employe, or to give orders for the performance or non-performance of administrative details of such work. Neither can the Commissioners' Court or any member thereof cancel the work order of the engineer which was made pursuant to the policies of the Commissioners' Court. Your seventh and eighth questions are answered in the negative.

Your ninth question is answered in our answer to your fifth question.

We are of the opinion that the funds allocated in the annual budget to a specific project may not be transferred to another road project until completion of such project to which it was allocated. At that time the unencumbered balance of such fund may be transferred, upon application of the County Road Engineer, to some other item within the Road and Bridge Fund budget. Your tenth question is answered accordingly.

Your questions 11 and 12 are grouped because they are answered in Section 15 of the law which reads:

"All equipment, materials, supplies and services other than those of administrative personnel and employes for the construction and maintenance of county roads and for the county road department shall be purchased by the Commissioners' Court on competitive bids in conformity with estimates and specifications prepared by the county road engineer. Before any claims covering the purchase of such materials, supplies, and services shall be ordered paid by the Commissioners' Court the county road engineer shall certify in writing to the correctness of the claims and shall certify that the respective equipment, materials, supplies, and services covered by the claims conforms to the specifications approved by him, and that the same respective equipment, materials, and supplies were delivered in good condition, or the services satisfactorily performed."

A law expressed in plain, unequivocal language is not subject to construction. Your eleventh and twelfth questions are answered in the negative.

## SUMMARY

Under the Optional County Road Law of 1947, Art. 6716-1 V. C. S., the Commissioners' Court has authority as the "policy-determining body" to decide and outline the general principles and the "over-all" system governing the construction and maintenance of county roads. The County Road Engineer is a public officer under this Act and he has power to employ and discharge road department personnel, subject to the approval of the Commissioners' Court.

The law provides that neither the Commissioners' Court nor any member thereof

may give orders for work to be performed by employes; nor can said court or any member thereof cancel any work order of the County Engineer that was issued pursuant to the general policies of the Commissioners' Court. The County Road Engineer is the exclusive custodian of all equipment, materials, and supplies of the county road department. The Commissioners' precinct lines have been abolished under this law with reference to budgeting, operations and appropriations in the construction and maintenance of county roads, and the county auditor shall keep his records for the whole county rather than for four commissioners' precincts. The auditor cannot pay any claim or bill for equipment, supplies, materials or services unless the same is purchased on competitive bids, and said bill or claim must have attached thereto the certificate of the engineer. Art. 6716-1, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb

APPROVED:

Price Daniel
ATTORNEY GENERAL